**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____

Case number (*If known*): _____ Chapter 15

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

*If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).*

| | |
|---|---|
| 1. **Debtor's name** | _____ |

2. **Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)    ___ ___  –  ___ ___ ___ ___ ___ ___ ___

☐ Other L51909PB2000PLC023679 . Describe identifier Corporate Identity Number (CIN)

**For individual debtors:**

☐ Social Security number:    xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____ . Describe identifier _____ .

3. **Name of foreign representative(s)** _____

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred** _____

5. **Nature of the foreign proceeding**

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached. (See Exhibit A-1)

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____
_____

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☐ Yes

Debtor _____   Case number *(if known)*_____
　　　　　Name

**8.  Others entitled to notice**   Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)   all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9.  Addresses**

**Country where the debtor has the center of its main interests:**

_____

**Debtor's registered office:**

_____
Number　　　Street

_____
P.O. Box

_____
City　　　　State/Province/Region　　ZIP/Postal Code

_____
Country

**Individual debtor's habitual residence:**

_____
Number　　　Street

_____
P.O. Box

_____
City　　　　State/Province/Region　ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

_____
Number　　　Street

_____
P.O. Box

_____
City　　　　State/Province/Region　ZIP/Postal Code

_____
Country

**10.  Debtor's website** (URL)   _____

**11.  Type of debtor**

*Check one:*

❑  Non-individual (*check one*):

　❑  Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

　❑  Partnership

　❑  Other.  Specify: _____

❑  Individual

| Debtor | SEL Manufacturing Co., Ltd. | Case number (if known) |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this district*?**

*Check one:*

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____     Neeraj Saluja
   Signature of foreign representative      Printed name

Executed on   05/05/2019
              MM / DD / YYYY

✗ _____     _____
   Signature of foreign representative      Printed name

Executed on   _____
              MM / DD / YYYY

**14. Signature of attorney**

✗ _____     Date   05/06/2019
   Signature of Attorney for foreign representative           MM / DD / YYYY

R. Craig Martin
Printed name

DLA Piper LLP (US)
Firm name

1201 North Market Street
Number        Street

Wilmington                          DE          19801
City                                State       ZIP Code

(302) 468-5700                      craig.martin@us.dlapiper.com
Contact phone                       Email address

5032                                DE
Bar number                          State

**<u>Exhibit A-1</u>**
**(Certified Copy of the Order Commencing the Foreign Proceeding)**

1

## IN THE NATIONAL COMPANY LAW TRIBUNAL
## "CHANDIGARH BENCH, CHANDIGARH"

CP (IB) No.114/Chd/Pb/2017

Under Section 7 of IBC, 2016.

**In the matter of:**

State Bank of India
through its Industrial and Finance
Branch Office at Golden Towers,
Dholewal Chowk,
Ludhiana-141003, Punjab                    ...Applicant-Financial Creditor
        Vs.
SEL Manufacturing Company Limited,
having its registered office at
274, Dhandari Khurd, G.T. Road,
Ludhiana-141014, Punjab                    ...Respondent-Corporate Debtor

Judgement delivered on 11.04.2018.

**Coram:**    **Hon'ble Mr.Justice R.P.Nagrath, Member (Judicial)**
             **Hon'ble Mr.Pradeep R. Sethi, Member (Technical)**

For the Petitioner    : 1. Ms. Misha, Advocate
                        2. Mr. Nitin Kaushal, Advocate
                        3. Mr. Siddhant Kant, Advocate
                        4. Ms. Tanvi Talwar, Advocate

For the Respondent : 1. Mr. Anand Chhibbar, Senior Advocate.
                      2. Mr. Arvind Gupta, Advocate.
                      3. Mr. C. S. Chauhan, Advocate.
                      4. Mr. Gaurav Mankotia, Advocate.

**Per: Pradeep R. Sethi, Member(Technical)**

### Judgement

The instant petition has been filed in Form 1 under Section 7 of the

Insolvency and Bankruptcy Code, 2016 (hereinafter referred as the Code)

read with Rule 4 of the Insolvency and Bankruptcy (Application to Adjudicating

Authority) Rules, 2016 (hereinafter referred as the Rules) by the State Bank of

Verified to be true Photo Copy

2

India, the financial creditor for initiating the insolvency resolution process against the respondent-corporate debtor. The petitioner Bank has been constituted under the statutory enactment of State Bank of India Act, 1955 and the application has been filed by he Bank through its Branch situated at Dholewal Chowk, Ludhiana. According to the petitioner, State Bank of India was incorporated on 01.07.1955 vide Notification dated 14.05.1955. With the sanction of Central Government and Reserve Bank of India, the petitioner bank has acquired by way of amalgamation, the business including the assets and liabilities of following Banks:-

i)  State Bank of Bikaner and Jaipur.

ii)  State Bank of Mysore.

iii)  State Bank of Patiala.

iv)  State Bank of Travancore.

Copy of the Gazette Notification dated 22.02.2017 in this regard is at Annexure-1.

2.    The application has been filed in respect of M/s SEL Manufacturing Company Limited (hereinafter referred as Corporate Debtor) having registered office at 274, Dhandari Khurd, G.T. Road, Ludhiana, Punjab-141014. The CIN of the Corporate Debtor is L51909PB2000PLC023679. The Corporate Debtor was incorporated on 08.05.2000. It has its authorised capital of ₹1250 crores and paid up capital of ₹401.057 crores. The copies of Memorandum of Association and Articles of Association of the Corporate Debtor are annexed as Annexure-4 (colly) with the application.

3

3.        It is reported in part-IV of Form 1 that the total amount of debt granted by the Financial Creditor towards term loans and working capital (including the erstwhile associate banks amalgamated w.e.f. 01.04.2017 in pursuance of the Gazette Notification dated 22.02.2017) is equivalent to ₹2049,11,75,763.15. The details regarding the disbursement made to the Corporate Debtor are at Annexure-7 of the application. As per Serial No. 2 of Para-IV of the application it is stated that the total amount claimed to be in default as on 30.09.2017 is ₹1136,15,67,142. The details of the amount claimed to be in default and the dates when the default occurred are provided for in Annexure-8 of the application. The petitioner Bank has also furnished the details of security held by the financial creditors along with the certificate of charge issued by Registrar of Companies, Chandigarh as at Annexure-9 (colly). Further the details of complete copies of latest contacts reflecting all the amendments and waivers in respect of all the loans are at Annexure 10 (colly) and dates of the documents are of the year 2014.

4.        The record of default as recorded in the Central Depository of Information on Large Credits (CRILIC) is at Annexure-11 of the application. The certificate issued in accordance with the Bankers Books Evidence Act 1891 is at Annexure-12 of the application. The statements of various accounts of the Corporate Debtor maintained with the Financial Creditor as per details in Column-8 of Part-V of the application are as Annexure-13 (colly).

5.        It is further stated that on 21.12.2013, on the request of Corporate Debtor, a reference was made for the voluntary mechanism through Corporate Debtor Restructuring (CDR) to the CDR Empowered Group (CDR-EG) and a letter of acceptance was issued by the CDR-EG approving the restructuring

Verified to be true Photo Copy

-.7 MAR 2019

package and Master Restructuring Agreement (MRA) was executed *inter alia* between Corporate Debtor and State Bank of India including erstwhile associate banks amalgamated w.e.f. 01.04.2017, pursuant to the Gazette Notification dated 22.02.2017) The State Bank of India including the erstwhile associate banks advanced a financial debt to the corporate debtor to an aggregate sum of ₹2049,11,75,763.15. Pursuant to the MRA, the corporate debtor furnished security documents in the nature of personal guarantees of six persons, an intense agreement, to govern the *intere se* rights of various lenders under the MRA, a security trustee agreement – appointing erstwhile State Bank of Patiala (now State Bank of India) as security-trustee and a deed of hypothecation in favour of security-trustee was executed.

6.    It has been stated that the Corporate Debtor continuously defaulted in its repayment obligation which prompted the Financial Creditor State Bank of India    (including its erstwhile associate banks) to issue two letters dated 06.07.2016, two letters dated 14.07.2016, two letters dated 27.07.2016, a letter dated 04.08.2016 and another letter 29.08.2016 to the Corporate Debtor informing it that its various loan accounts are overdue and requesting the Corporate Debtor to regularise its loan accounts at the earliest.    Balance confirmation for the balance outstanding as on 31.03.2016 issued by the Corporate Debtor to State Bank of India (prior to the amalgamation dated 01.04.2017) acknowledging the debt towards the Financial Creditor is stated in the document Annexure-19 of the application.    It is stated that a letter was issued by the Corporate Debtor acknowledging its liabilities under the MRA *inter alia* towards State Bank of India and confirming the subsistence of validity of all security and financial documents on 21.03.2017.    It is stated that the

Verified to be true Photo Copy

- 7 MAR 2019

5

Corporate Debtor, despite the receipt of the Demand Notice and having admitted the amount payable, has failed to pay the amount in default and an amount of ₹1136,15,67,142 is over due and payable as against the Corporate Debtor which is in excess of ₹1.00 lac.

7.     In part-III of Form 1, State Bank of India has proposed the name of Mr. Navneet Kumar Gupta, registration number IBBI/IPA-001/IP-P00001/2016-17/10009 as Interim Resolution Professional.   Form No.2 alongwith the certificate of registration of the proposed Interim Resolution Professional has been stated to be annexed as Annexure-6 (colly).

8.     As noted in order 22.11.2017, it was stated by the financial creditor that the entire Paper Book was sent to the Corporate Debtor by speed post on 12.10.2017 and the additional synopsis was also sent by speed post later on. Notice of the petition to the respondent Corporate Debtor was issued for 5.12.2017 to show cause as to why the petition be not admitted.

9.     Reply/objections on behalf of Corporate Debtor was filed vide diary No.83 dated 10.01.2018.  Preliminary objections have been taken that the application is not maintainable because it has not been filed by a duly authorised person.  It was further submitted that there is no default in law on the part of the Corporate Debtor, because the term "default" has to be interpreted differently from the term "loan/dues".   It is submitted that the applicant (and bank consortium) itself failed to provide the full amount required to be disbursed as per the financial plan due to its own failure to fulfil certain financial criteria specified by Reserve Bank of India and, therefore,  the petitioner cannot take benefit of its own wrong and allege any default on the

Valid For Embassy
TAKE EFFECT
Outside India/Inside India
NOTARY PUBLIC

Ashwani Jolly
LUDHIANA (PB.)
REGD.No.2784
NOTARY GOVT. OF INDIA

Verified to be true Photo Copy

- 7 MAR 2019

6

part of the Corporate Debtor. It is further submitted that State Bank of India has failed to follow proper procedure to take permission from the consortium in a Joint Lenders Forum to initiate insolvency proceedings as required under Reserve Bank of India Regulations formulated under Banking Regulation Act and Reserve Bank of India Act.

10.    It is also stated that the corporate debtor is a vibrant Textile Company having manufacturing units all over India. At present, the respondent is providing direct employment to 8000 workers and indirect employment to more than 50000 workers, thus supporting 50000 families in India. The details of promotors being experienced; following punctuality, capability to manage multiple and large sized orders; quality standards and quality assurances; marketing strength; integrated facility; use of information technology; research and development and design development; environment; custom/client base; no default of statutory dues/taxes of corporate debtor have been given.

11.    It was further stated that till the month of March, 2016, the respondent had a debt exposure of ₹ 919.35 crores and the loans were being serviced regularly and these were standard. Thereafter the respondent-corporate debtor proposed the setting up of a spinning manufacturing unit in Madhya Pradesh. The lead bank was State Bank of Patiala (SBOP) leading the consortium of 22 banks. The financial plan was placed before the lead bank along with the other consortium members which required a term loan of ₹ 2248.70 crores and working capital loan of approximately ₹ 903.95 crores. Apart from that, the company required additional financials of approximately ₹ 523.10 crores working capital for its existing operations. Copies of the financial plan are at Annexure A-2.

Verified to be true Photo Copy

- 7 MAR 2019

Valid For Embassy
TAKE EFFECT
Outside India/Inside India
NOTARY PUBLIC

12.    It is further stated that the consortium of banks sanctioned a term loan of ₹ 2248.70 crores but the amount disbursed initially was only ₹ 1403.36 crores and the same was used to set up part of manufacturing unit of Madhya Pradesh, as a result of which the spinning project in Madhya Pradesh could not be completed.

13.    It is also averred that the consortium sanctioned working capital of approximately ₹ 627.70 crores only upto September, 2013 and failed to provide balance working capital loan of ₹794.27 crores whereas the capacity utilization was supposed to be more than 90% which thus substantially fell down. Copies of the sanction letters for the term loan and sanctioned working capital loan are Annexure A-3 and A-4 respectively.

14.    It is also stated that the only reason for non-disbursal of working capital loan (WCL) on time was that the consortium of Banks was constrained by their own procedural exposure norms in relation to the Textile Sector. To support this allegation, reference is made to minutes of meeting of the Consortium held on 26.03.2013 (Annexure A-5).

15.    Thereupon the respondent-company had to opt for CDR of its debt in November, 2013 which was approved by the competent authority in September, 2014. Copy of CDR scheme is Annexure 6. Even after the implementation of CDR package, the State Bank of India classified the account as Non Performing Asset (NPA) w.e.f. September, 2015 which became a major hurdle in disbursement of the credit facilities leading to a tight liquidity situation. The company was eligible for TUFS interest subsidy of 5% for all the term loans and thus the effective rate of interest for the company was

Valid For Embassy
TAKE EFFECT
Outside India/Inside India
NOTARY PUBLIC

Ashwani Jolly
LUDHIANA (Pb.)
REGD.No.2784
NOTARY GOVT. OF INDIA

Verified to be true Photo Copy

CP(IB) No.114/Chd/Pb/2017

- 7 MAR 2019

8

3.25% to 6.50%. The business plan of the company were built around this effective rate of interest. Under the policy, the claim of interest subsidy was to be made with the Ministry of Corporate Affairs by all the Banks. However in many cases, the banks did not file the claims with the concerned authorities or the same were filed after a considerable delay. The loss of TUFS subsidy has been calculated to the tune of ₹191.64 crores. Copies of TUFS Scheme is Annexure A-7 and TUFS amount received by the company from 01.04.2010 to 30.08.2017 is ₹ 241.90 crores. The total loss of subsidy of Madhya Pradesh unit is calculated at ₹ 65 crores as per document Annexure A-8. The financial creditor is also stated to have incorrectly calculated the penal interest to the tune of ₹ 11.91 crores.

16.     Similarly, the credit facility envisaged and sanctioned under CDR package were not released resulting into loss to the company. The failure of the bank consortium to provide WCL reduced the turnover from ₹ 3326.20 crores in March, 2013 to ₹1802.63 crores in March, 2017 and caused financial harm and injury.

17.     It is also averred that in March, 2017, the bank consortium was considering deep debt restructuring of the respondent-corporate debtor. Copy of minutes of meeting dated 27.03.2017 is at Annexure A-16. According to the respondent, instead of giving an opportunity of debt-restructuring to the company, the petitioner has filed this petition in violation of letter and spirits of RBI conditions. The petition cannot be filed without exit of the petitioner from CDR Empowered Group which has a binding force as per the RBI guidelines. It was decided in the CDR Cell, Mumbai that no member of the consortium

9

bank shall be entitled to initiate any legal action against the company without the approval of CDR-ED.

18.    The other assertion of the respondent is that no default notices have been received by the company corresponding to the list of defaults. The working of default does not match with the amounts mentioned in the default notices. The petition was prayed to be dismissed.

19.    When the matter was listed on 11.12.2017, the respondent requested for filing additional documents. It was directed that the documents with affidavit may be filed before the next date. The affidavit was filed by the petitioner vide diary No.171 dated 16.01.2018 for filing minutes of the meeting of the Joint Lenders Forum held on 04.09.2017; email sent to the CDR-Empowered Group intimating them that a decision to initiate proceedings under the Code against the Corporate Debtor has been taken. In addition to the default notices already placed on record, copies of other default notices/letters to the Corporate Debtor sent by the erstwhile associate banks and State Bank of India were also filed.

20.    We have heard the learned counsel for the peititioner, the learned Senior Counsel for the respondent assisted by Mr. Arvind Gupta, Advocate and have also examined the records of the case.

21.    Learned Senior Counsel for the petitioner referred to the contents of the application in Form No.1 to contend that in the worst case scenario, the balance due and in default is admittedly more than the eligible ₹1.00 lac as required by Section 4 (1) of the Code and therefore, petition deserve to be admitted. As regard signing power, it has been submitted that proper authority

is available to Shri Anil Kumar Gupta, Chief Manager, Industrial Finance Branch Office at Golden Towers, Dholewal Chowk, Ludhiana-141003 in view of authorisation dated 16.06.2017 issued by the Chairman of State Bank of India in exercise of powers under section 27 of the State Bank of India Act 1955 alongwith proof of designation of the authorised person filed at Annexure-2 (colly)of the application as well as extract of Section 27(1) of the State Bank of India Act 1955 at Annexure-3 (colly).

22.    In reply thereto, learned Senior Counsel for the Corporate Debtor submitted that the Corporate Debtor is a big industrial unit, one of the biggest exporters in textile goods and providing direct and indirect employment to thousands of persons all over India. Moreover, the Corporate Debtor is a listed company with sixty thousand public shareholders holding majority 85% equity shareholding of the company. It was further contended that the company is already operating through Trust and Retention Account (TRA) wherein all the revenues of the company comes to an account controlled by the bank and each payment is specifically permitted by the bank. It was further submitted that the petition is incomplete since it does not contain the "workings for computation of amount" prescribed in Form 1 Part IV Row 2. Further the contention that the Adjudicating Authority only has to see if the default amount is more than ₹1.00 lac is incorrect since Section 4 of the Code only provides for the jurisdiction of the Adjudicating Authority to entertain petition, but once the petition is filed, the same has to be examined in order to see whether it is complete and that the corporate debtor was in default . It was also submitted that as per the scheme of MRA dated 30.06.2014, there is not only a Trust and Retention Account (TRA) but a monitoring Institution which monitors the

Verified to be true Photo Copy

- 7 MAR 2019

11

working of the Corporate Debtor on day to day basis and, therefore, there is no occasion to admit petition under Section 7 of the Code.

23.    It was then submitted that as per letter of approval dated 30.06.2014 and MRA dated 30.06.2014 (which is signed by all the lenders of the Corporate Debtor including the petitioner),  it is clearly stated that any exit from MRA and/or any action that is  taken by the lenders, the same would be with the permission of CDR-EG and the Chairman of the financial creditor is also one of the functionaries of the said CDR Cell. It was contended that after the issue of default notices, the petitioner-bank applied to CDR-EG for permission to initiate legal action and the same was specifically rejected vide letter dated 31.08.2016 of CDR-EG. It was contended that CDR mechanism  and Reserve Bank of India (RBI) guidelines are both contractually and statutorily binding between the parties.

24.    It was  also submitted that the reliance by the petitioner-financial creditor  on the RBI letter dated 28.08.2017 and amended Section 35AA of Banking Regulation Act is misplaced as RBI letter  only directs the banks to file a petition whereas the  petition filed by the financial creditor  has to be considered on its own merits and in view of the  binding agreement between the parties.  Learned Senior Counsel contended that under Section 7 of the Code  a petition "may" be admitted if conditions laid down in Section 7 (5) are fulfilled which clearly grants jurisdiction to Adjudicating Authority to decide whether the petition is to be admitted under the Code or whether the parties should be relegated to civil remedies. It was further contended that claims for subsidy from the Central Government and the State of Madhya Pradesh can only be made by the bank and then to credit amount in the account of the

CP(IB) No.114/Chd/Pb/2017

Verified to be true Photo Copy

12

Corporate Debtor, which the bank failed to do and this subsidy amount is more than the amount given in the default notices and as such, there is no default of even ₹1.00 lac under Section 4 of the Code.

25.    It was also contended that the present petition is not maintainable because the Corporate Debtor has not specifically authorised the person who has signed the petition since the Chairperson of State Bank of India cannot sub delegate the powers without specific permission of the Central Board.

26.    In rejoinder, learned counsel for the petitioner submitted that CDR is non-statutory voluntary mechanism set up under the aegis of Reserve Bank of India for the efficient restructuring of corporate debts and is implemented through a commercial frame work and it is a trite law that a contract cannot overide a statute.  It is submitted that the standing members of CDR-EG facilitate the decision making process but do not have any independent voting rights.  It was submitted that all the members of JLF (also forming all the voting members of the CDR-EG) at their meeting held on 04.09.2017 unanimously took a decision to file an application under the provisions of the Code for the resolution of the financial affairs of the Corporate Debtor and in fact, the Corporate Debtor itself was present at the meeting and had agreed for such a reference to be made on account of the persistent default and mounting debts. It was submitted that in view of the unanimous JLF decision to initiate presenting proceedings any permission from CDR EG is an empty formality.

27.    It was further contended that the objection of the Corporate Debtor with regard to non-provision of details of disbursement and default in part-IV of Form 1 (as provided in the Rules) is untenable in view of the details of

- 7 MAR 2019

disbursement and default given in Annexures-7 and 8 of the application; complete bank account statement certified in accordance with the Bankers Books Evidence Act, 1891 annexed with the application and detailed calculations for default has been submitted. It was submitted that the objections with regard to existence of counter claim is not sustainable in an application under Section 7 of the Code. Additionally, it was submitted the Corporate Debtor is itself being in violations of the clauses of MRA such as (i) maintenance of bank accounts outside the lenders being part of MRA (ii) non-use of the sale proceeds of non-core assets for servicing the debts of the lenders and (iii) non-submission of stock statements which in itself amounts to default in terms of the MRA and thus disentitles the Corporate Debtor to raise objections with respect to a counter claim. It was further submitted that the sanction letters executed between the corporate debtor and the petitioner *inter alia* provide the petitioner's right to cancel and withdraw the limits without notice on account of events of default and the default on the part of the Corporate Debtor in terms of MRA is writ large and the lenders including the petitioner are fully entitled to partially/wholly withdraw or cancel facilities and hence refusal to provide further working capital is within their contractual rights.

28.    The relevant provisions of the Code are as under:-

### Section 3 (12)

"*default*" *means non-payment of debt when whole or any part of instalment of the amount of debt has become due and payable and is not repaid by the debtor or the corporate debtor, as the case may be.*

### Section 7

7.    (1) A financial creditor either by itself or jointly with other financial creditors may file an application for initiating corporate insolvency resolution process against a corporate debtor before the Adjudicating Authority when a default has occurred.

*Explanation.*—For the purposes of this sub-section, a default includes a default in respect of a financial debt owed not only to the applicant financial creditor but to any other financial creditor of the corporate debtor.

(2) The financial creditor shall make an application under sub-section (1) in such form and manner and accompanied with such fee as may be prescribed.

(3) The financial creditor shall, along with the application furnish —
(a) record of the default recorded with the information utility or such other record or evidence of default as may be specified;
(b) the name of the resolution professional proposed to act as an interim resolution professional; and
(c) any other information as may be specified by the Board.

(4) The Adjudicating Authority shall, within fourteen days of the receipt of the application under sub-section (2), ascertain the existence of a default from the records of an information utility or on the basis of other evidence furnished by the financial creditor under sub-section (3).

(5) Where the Adjudicating Authority is satisfied that —
(a) a default has occurred and the application under sub-section (2) is complete, and there is no disciplinary proceedings pending against the proposed resolution professional, it may, by order, admit such application; or
(b) default has not occurred or the application under sub-section (2) is incomplete or any disciplinary proceeding is pending against the proposed resolution professional, it may, by order, reject such application:
Provided that the Adjudicating Authority shall, before rejecting the application under clause (b) of sub-section (5), give a notice to the applicant to rectify the defect in his application within seven days of receipt of such notice from the Adjudicating Authority.

(6) The corporate insolvency resolution process shall commence from the date of admission of the application under sub-section (5).

(7) The Adjudicating Authority shall communicate—
(a) the order under clause (a) of sub-section (5) to the financial creditor and the corporate debtor;
(b) the order under clause (b) of sub-section (5) to the financial creditor, within seven days of admission or rejection of such application, as the case may be.

29.     There is no dispute in this case that the petitioner State Bank of India is a financial creditor. The application is also furnished in the prescribed Form 1 of the Rules and the prescribed fee has been paid. Along with the application, the petitioner has proposed the name of the Resolution Professional Shri Navneet Kumar Gupta to act as an Interim Resolution Professional.    Form No.2 alongwith the certificate of registration of the proposed Interim Resolution Professional has been annexed as Annexure 6 (colly).   In this Form, it has been certified that there are no disciplinary proceedings pending against him with the Board or Indian Institute of Insolvency Professional of ICAI. The record of the default of the corporate debtor has been furnished in column 6 of Part V of Form 1. The issue involved is whether there is the existence of a default and whether the application under Section 7(2) of the Code is complete.   It may be added that in the reply filed by the corporate debtor, it was *inter alia* submitted that the petition is defective because the affidavit has not been duly sworn in.   But that aspect is not substantiated from record.

30.     The learned Senior Counsel for the Corporate Debtor has submitted that the petition does not fulfil the mandatory requirement of Section 7 read with Rule 4 read with Form 1 and more particularly, the petition does not contain the "working for computation of amount" prescribed in Form 1 Part IV Row 2.   The petitioner's contention is that the details of disbursement alongwith the date of each disbursement are given in Annexure-7 of the application and the amounts of default for each account alongwith the date and days of default are provided in Annexure-8 of the application. It is further

submitted that the complete bank account statement certified in accordance with the Bankers Books Evidence Act, 1891 (page 494 of Volume-3) have been annexed with the application which is *prima facie* evidence of the amounts disbursed and the default amount. Without prejudice, it was submitted that if an application is incomplete on account of any defect, the Tribunal is required to give a notice of defect and grant seven days time for the rectification.

31.    We find that in Annexure-7 of the application, the petitioner has furnished details of disbursement made to the Corporate Debtor with the dates and amount disbursed in various accounts. These details are in respect of loan granted by the petitioner towards term loans and working capital (including the erstwhile associate banks) totalling to ₹2049,11,75,763. Further, the details of the amount claimed to be in default and the dates when the default occurred have been provided in Annexure-8 of the application. The total amount claimed to be in default as on 30.09.2017 is ₹1136,15,67,144.

32.    In Annexure-8, details of defaults as on 30.09.2017 in respect of each of the account of corporate debtor –State Bank of India and its subsidiaries have been given. These have been segregated under various Heads i.e (i) Rupee Terms Loan-I; (ii) Working Capital Loan; (iii) Funded Interest-Term Loan and (iv) Working Capital Facility and the number of days of the delay. The default is further substantiated from (a) certified copies of statements of different accounts of corporate debtor in respect of Master Restructuring Agreement dated 30.06.2014 [Annexure- 13 (colly) ] and (b) statements of accounts in respect of working capital of different accounts [Annexure 14 (colly) ].

Valid For Embassy
TAKE EFFECT
Outside India/Inside India
NOTARY PUBLIC

Verified to be true Photo Copy

- 7 MAR 2019

Notary Public, Ludhiana.

17

33.    The petitioner has referred to the minutes of the JLM meeting held on 27.03.2017 (Annexure A-16 of the reply of the corporate debtor) in which the chairperson of the meeting stated that as per information shared in the last meeting, accounts with all the member banks except Karur Vysya Bank had turned NPA. The percentage share of Karur Vysya Bank as on 28.02.2017 is 0.61% only. The officials of the corporate debtor are shown to be present in the meeting and therefore, were aware of the NPA status. Moreover, default notices issued by some of the lending banks dated 06.07.2016, 14.07.2016, 27.07.2016 and 04.08.2016 (Annexure -16 (colly) of the application) also show that information of NPA/overdue position was available to the corporate debtor.

34.    The learned Senior Counsel for the corporate debtor has relied on **Starlog Enterprises Ltd. vs. ICICI Bank Ltd. Company Appeal (AT) (Insolvency) No.5 of 2017** in support of his contention. We find that the decision of the Hon'ble Appellate Tribunal is based upon an apparent and conspicuous mismatch between the amount demanded by the respondent from the appellant in its demand notice dated 06.02.2017 and the amount stated to be in default in the application. However, in the present case, there is no mismatch and the basis on which the amounts in default are computed in Annexure-8 of the application have also been explained. The learned counsel for the petitioner has relied on **Ajay Aggarwal vs. Central Bank of India and State Bank of Indian Company Appeal (AT)(Insolvency) No.180 of 2017** in which it was *inter alia* held that mere mismatch of the figures will *ipsofacto* not invalidate the order initiating "corporate insolvency resolution process" under Section 7 of the Code. It was also held that the appellant

18

raised dispute and pleaded mismatch of debt amount, but it has not been disputed that some debt is due and is payable to the 'Financial Creditor' and the 'Corporate Debtor' has defaulted in making such payment and no interference was called for.

34.1    In view of the discussion made above, it is held that there is existence of a default and that the application under Section 7 (2) of the Code is complete.

35.    The learned Senior Counsel for the corporate debtor further contended that as per Letter of Approval dated 30.06.2014 and MRA dated 30.06.2014 which is signed by all the lenders of the Corporate Debtor including the petitioner, it is clearly stated that any exit from MRA and/or any action that will be taken by any lenders, the same would be with the permission of CDR-EG. It is further submitted that after the issue of default notices, the Corporate Debtor applied to CDR-EG for permission to initiate legal action and the same was specifically rejected by letter dated 31.08.2016 of CDR-EG. It is stated that CDR-EG is an independent institution and the Chairman of the petitioner is also a member of CDR Cell and that the Corporate Debtor is bound by the terms of CDR-EG and that even till 15.01.2018, the Corporate Debtor was not granted permission to exit from CDR mechanism. It was submitted that the CDR guidelines and RBI guidelines are both contractually and statutorily binding between the parties as held by the Hon'ble Supreme Court in the matter of **Sardar Associates and Ors. vs. Punjab & Sind Bank & Ors. (2009) 8 SCC 257.** It was further submitted that the reliance of the Corporate

19

Debtor on the Reserve Bank of India letter dated 28.08.2017 and amended Section 35AA of Banking Regulation Act is misplaced since the said letter only directs the banks to file the petition but the said petition has to be considered on its merits and on the basis of binding agreement between the parties and cannot overwrite the Code and specific agreement between the parties.

35.1   The learned counsel for the petitioner submitted that soon after the restructuring of the Corporate Debtor's account and execution of MRA in June, 2014, the accounts of the Corporate Debtor once again became NPA in the year 2016 on account of the inability of the Corporate Debtor to service even the restructured debt.  It is submitted that the present application is filed with respect to the default of the Corporate Debtor under the MRA itself.  Our attention has been invited to para–D of the MRA dated 30.06.2014 (Annexure-10 (colly) of the application) in which it is specifically stated that the borrower (Corporate Debtor) has been admitted to the Corporate Debt Restructuring Forum, a <u>non-statutory voluntary mechanism</u> set up under the aegis of the Reserve Bank of India for the efficient restructuring of its corporate debt. Reference has also been made to the Reserve Bank of India circular on corporate debt restructuring.  This circular is dated 23.08.2001 and is at serial No.1 of Volume XII of the reply filed by the Corporate Debtor.   Para 4 of the circular states that CDR will be a non-statutory mechanism and the CDR mechanism will be a voluntary system based on debtor-creditor agreement and inter-creditor agreement.  In view of this position, submissions of the learned counsel for the Corporate Debtor that CDR guidelines and Reserve

Bank of India guidelines are statutorily binding between the parties cannot be accepted.

36.    The learned counsel for the petitioner has referred to the amendment in the Banking Regulation Act 1949 by which Section 35AA was inserted w.e.f. 04.05.2017 by which the central government may, by order authorised the Reserve Bank of India to issue directions to any banking company or banking companies to initiate insolvency resolution process in respect of a default under the Code. In the Explanation, default has been given the same meaning as assigned to it in Section 3(12) of the Code. It is stated that the Reserve Bank of India issued directions dated 28.08.2017 to the petitioner to either resolve the defaulting account of the Corporate Debtor by 13.12.2017 or mandatorily proceed towards filing for initiation of the corporate insolvency process with respect to the Corporate Debtor unless already initiated and these directions further recognised the option of the JLF of the Corporate Debtor to proceed under the Code even prior to the above stipulated date of 13.12.2017. It has been submitted that all efforts towards second restructuring did not fructify into any conclusive agreement amongst the lenders and in view of enactment of the Code and Reserve Bank of India directive, all the members of the JLF(also forming all the voting members of the CDR-EG) at their meeting held on 04.09.2017, unanimously took a decision to file an application under the provisions of the Code for the resolution of the financial affairs of the Corporate Debtor and in fact the Corporate Debtor itself was present at the meeting and had agreed for such a reference to be made on account of the persistent default and mounting debts. The minutes of the meeting of the JLF

Valid For Embassy
CP(IB) No.114/Chd/Pb/2017
TAKE EFFECT

Verified to be true Photo Copy

Notary Public, Ludhiana    1-7 MAR 201

of 04.09.2017 are available at Annexure-A of the additional affidavit filed by the petitioner by diary No.171 dated 16.01.2018.

37.    In view of these facts, the decision of the JLF cannot be said to be based only on the directions of the Reserve Bank of India. The matter was considered on merits and even the Corporate Debtor, agreed that moving the NCLT was the best option. We may add here that even though as per para 3.2.1 of the Reserve Bank of India circular dated 23.08.2001, ED level representative of State Bank of India is *inter alia* a standing member, the standing members do not have any voting rights and all the decisions of the CDR-EG are taken by a super majority of the lenders having exposure to the concerned debtor. [Para 8.1 to 8.4 of CDR Master Circular updated on 29.04.2015 serial No.2 of Volume XI of the reply]. The learned counsel for the corporate debtor has stressed on the minutes of the JLF meeting on 04.09.2017 to state that it was unanimously decided to move "together" for NCLT. The petitioner has relied on **Innoventive Industries Ltd. vs. ICICI Bank Ltd. 217 SCCOnline NCLAT 70** and has submitted that prior JLF approval is not required due to the overriding effect of the Code. Moreover, Section 7 of the Code provides for initiation of corporate insolvency resolution process by a financial creditor either by itself or jointly with other financial creditors. The JLF decision is to move for NCLT and in view of this position and the discussion above, the application by only State Bank of India cannot be said to be incorrectly made. The discussion above would show that the contention of the corporate debtor that the petitioner was eager and hasty in

Verified to be true Photo Copy

Valid For Embassy
TAKE EFFECT
CP(IB) No.114/Chd/Pb/2017 de India
NOTARY PUBLIC

Notary Public, Ludhiana    - 7 MAR 2019

22

moving NCLT in violation of the letter of approval, MRA and JLF cannot be accepted.

38. The learned counsel for the corporate debtor has submitted that the corporate debtor is a textile unit whose finances are dependent upon subsidy granted by Central and Madhya Pradesh Government; the subsidy can only be realised by the banks and then credited to the account of Corporate Debtor; the bank failed to credit the same to the account of the Corporate Debtor and such subsidy amounts to ₹256 crores which alongwith interest will go up to ₹350 crores. It is also stated that the banks failed to provide the promised working capital as required in MRA leading to financial distress. It is, therefore, submitted that the petition is liable to be dismissed as the Corporate Debtor has a legitimate defence both in law and fact to the alleged claim of the petitioner.

39. The learned counsel for the petitioner argued that the Corporate Debtor itself is in violation of the clauses of MRA such as (i) maintenance of bank accounts outside the lenders being part of MRA (ii) non-use of the sale proceeds of non-core assets for servicing of the lenders (iii) non-submission of stock statements which in itself amount to default in terms of the MRA and this entitles the Corporate Debtor to raise objections with respect to a counter claim. It was also submitted that the sanction letters executed between the Corporate Debtor and the petitioner inter alia provide the petitioner right to cancel and withdraw the limits without notice on account of any events of

Verified to be true Photo Copy

Notary Public, Ludhiana

Valid For Embassy
TAKE EFFECT
Outside India/Inside India
NOTARY PUBLIC

- 7 MAR 2019

defaults and therefore, refusal to provide further working capital limits is within their contractual rights.

40.    We find that it is not the case of the Corporate Debtor that the subsidy has been received by the petitioner but not credited to its account. The Corporate Debtor is alleging delay in filing of claims of interest subsidy. This by itself, cannot mean that there is a counter claim of the Corporate Debtor. As regards non-provision of further working capital, the same cannot be said to be in the nature of a counter claim. Therefore, the contention of the Corporate Debtor cannot be accepted.

41.    The learned Senior Counsel for the corporate debtor submitted further that the Chairman of State Bank of India might have been authorised but these power cannot be sub-delegate without specific permission of the Central Board. The authorisation by the Chairman, State Bank of India is available at Annexure-2 of the application and is in exercise of powers under Section 27 of State Bank of India Act, 1955 which states that the Chairman shall preside at all meetings of Central Board and subject to such general or special directions as the Central Board may give, exercise all such powers and do all such acts and things as may be exercised or done by the State Bank of India. The Corporate Debtor has not placed on record any decision of the Central Board placing restrictions on the grant of authorisation for proceedings before the NCLT. This contentions of the Corporate Debtor can also not be accepted.

42.    In result thereof, we are satisfied that a default has occurred and the application under Section 7(2) is complete, and there are no disciplinary proceedings pending against the proposed Interim Resolution Professional.

Verified to be true Photo Copy

Valid For Embassy
CP(IB) No.114/Chd/Pb/2017
TAKE EFFECT

Notary Public, Ludhiana

- 7 MAR 2019

24

43.    In view of the above discussion, the petitioner bank-financial creditor having fulfilled all the requirements of Section 7 of the Code, the instant petition deserves to be admitted.

44.    The petition is, therefore, admitted and the moratorium is declared for prohibiting all of the following in terms of sub-section (1) of Section 14 of the Code.

a) the institution of suits or continuation of pending suits or proceedings against the corporate debtor including execution of any judgment, decree or order in any court of law, tribunal, arbitration panel or other authority;

b) transferring, encumbering, alienating or disposing of by the corporate debtor any of its assets or any legal right or beneficial interest therein;

c) any action to foreclose, recover or enforce any security interest created by the corporate debtor in respect of its property including any action under the Securitisation and Reconstruction of Financial Assets and Enforcement of Security Interest Act, 2002;

d) the recovery of any property by an owner or lessor where such property is occupied by or in the possession of the corporate debtor.

45.    It is further directed that the supply of essential goods or services to the corporate-debtor, if continuing, shall not be terminated or suspended or interrupted during moratorium period. The provisions of sub-section (1) shall

Valid For Embassy
TAKE EFFECT
Outside India/Inside India
NOTARY PUBLIC
CP(IB) No.114/Chd/Pb/2017

Verified to be true Photo Copy

Notary Public, Ludhiana

7 MAR 2019

however not apply to such transactions as may be notified by the Central Government in consultation with any financial sector regulator.

46.     The order of moratorium shall have effect from the date of this order till the completion of the corporate insolvency resolution process or until this Bench approves the resolution plan under sub-section(1) of Section 31 or passes an order for liquidation of corporate debtor under Section 33 as the case may be.

47.     The matter be posted on 19.04.2018 for  passing of formal order of appointment of  Interim Resolution Professional with further directions. Copy of this order be communicated to both the parties.

<div style="display:flex; justify-content:space-between;">

Sd/-
(Justice R.P. Nagrath)
Member (Judicial)

Sd/-
(Pradeep R. Sethi)
Member (Technical)

</div>

April 11, 2018
arora

Verified to be true Photo Copy

Notary Public, Ludhiana

.- 7 MAR 2019

NOTARY
Ashwani Jolly
LUDHIANA (Pb.)
REGD. No.2784
GOVT. OF INDIA

Valid For Embassy
TAKE EFFECT
Outside India/Inside India
NOTARY PUBLIC

116                                                                    -1-

CWP-15685-2018

DHIRAJ SALUJA        VS    UNION OF INDIA AND ORS

Present:      Mr. Vikram Nankani, Senior Advocate with
              Mr. Arvind Kumar Gupta, Advocate and
              Mr. Manpreet Singh Kanda, Advocate
              for the petitioner.
                          *****

              Mr. Nankani, learned Senior Counsel assisted by Mr. Arvind

Kumar Gupta, learned counsel appearing on behalf of the petitioner

contends that MRA (Master Restructuring Agreement) Contract was entered

into between the respondent companies (R-21& R-22) SEL Manufacturing

company limited and SEL Textiles Limited & banks as per CD-R Scheme

(Corporate Debt Restructuring Scheme) containing certain terms and

conditions, whereby the Bank consortium had assured certain disbursement.

MRA had various other obligations on the bank consortium. The

respondent banks were also required to realise and disburse interest

subsidies given by central Govt and State Govt but they failed to do

so,where by respondent companies has counter claim of hundreds of crores

regarding interest subsidies apart from failure of bank consortium to

disburse assured loans stranding the project at low capacity &causing

losses,financial distress.

              But the RBI has come out with instructions dated 8.8.2017

and circular12.02.2018 Annexures P-1 and P-2, nullifying the agreement&

obligations of bank and the CDR/SDR Schemes. It was next contended that

the legal question whether a claim and counterclaim between the borrower

and a bank should be entertained by Tribunal or a Civil court is pending

adjudication before larger bench of supreme court as per order dated

17.9.2014 in the matter of State of Rajasthan v/s VCK shares and stock

Valid For Embassy
TAKE EFFECT
Outside India/Inside India
NOTARY PUBLIC

brokering services ltd in civil appeal no 8973 of 2014 and hence the petitioner faces an impasse.

It was also contended that instructions and circulars of RBI are in violation of Indian Contract Act and interest subsidy policies as the lenders are legitimately expected to honour their agreement and obligations.

The aforementioned, circulars, of the RBI have already been challenged before the Allahabad High Court in the petition titled as independent power producers association v/s union of india ***Writ Petition No.1817 of 2013*** in which,by order dated 31.5.2018 after notice of motion was issued interim protection has been granted against any coercive action against the power companies all over India.

Our attention has been drawn to the contents of the letter dated 19th June 2018 written by one of the important foreign customer of the company stating that it need a reliable supplier and there is risk in placing further order to the respondent companies,whose future is in doubt due to the insolvency proceeding and thus it would be compelled to stop contracting further business.

It is submitted that the respondent companies are an intensive export and manufacturing textile companies which employs 12000 direct and 50000 indirect worker whose future would be in doubt because the resolution professional shall not be able to keep this company running.

Verified to be true Photo Copy

Notary Public, Ludhiana.

Valid For Embassy
TAKE EFFECT
Outside India/Inside India
NOTARY PUBLIC

-3-

The present writ petition raises important question of law and vires of Banking Regulations Act and RBI instructions and circulars therein and keeping in view interest of workers and the banks, it is directed that corporate insolvency resolution process(CIRP) against respondent companies is kept in abeyance, the earlier board of directors of the respondent companies shall operate their bank accounts and bank operations as before initiation of CIRP to protect the interest of the bank consortium. It is directed that the Board Of Directors will route all future revenues of the said respondent companies only through Trust and Retention Accounts. The salaries and vendors will be paid promptly through TRA account without delay. It is further directed that the petitioner will file undertaking on affidavit that the companies will not dispose off any immovable property without permission of the court within three working days.

Notice of motion returnable by 07.09.2018.

( AMIT RAWAL )
JUDGE

( AVNEESH JHINGAN )
JUDGE

**22.06.2018**
'Yogesh Sharma '

Verified to be true Photo Copy

Notary Public, Ludhiana.

- 7 MAR 2019

For Subsequent orders see CM-9548-CWP-2018, CM-13917-CWP-2018, -- and 1 more.

**<u>Exhibit A-2</u>**
**(Corporate Resolutions Appointing Foreign Representative)**

# SEL MANUFACTURING COMPANY LIMITED

Regd Office: 274, Dhandari Khurd, G.T. Road, Ludhiana - 141 014, Punjab, India
Tel: +91-161-7111117, Fax: +91-161-7111118, Website: www.selindia.in
CIN: L51909PB2000PLC023679



### CERTIFIED TRUE COPY OF THE RESOLUTION PASSED BY THE BOARD OF DIRECTORS OF SEL MANUFACTURING COMPANY LIMITED AT IT'S MEETING HELD ON APRIL 23, 2019, AT THE REGISTERED OFFICE OF THE COMPANY AT 274, DHANDARI KHURD, G.T. ROAD, LUDHIANA (PUNJAB) 141014.

The Company Secretary placed before the Board of Directors of the Company various orders passed in the matter of insolvency proceedings in case of the Company under Insolvency and Bankruptcy Code, 2016, and appraised the Board of Directors that the proceedings for insolvency commenced in case of the Company vide order of the Hon'ble National Company Law Tribunal dated April 11, 2018 in Company Petition No. CP (IB) No. 114/Chd/Pb/2017, the proceedings were placed into abeyance by an order of the Hon'ble High Court of Punjab and Haryana at Chandigarh as contained in Para of its order dated June 22, 2018 in Civil Writ Petition No. 15685-2018, and that the latter is in force.

It was further informed that in terms of aforementioned order of the Hon'ble High Court of Punjab and Haryana at Chandigarh, the Company has been directed that, (i) the Board of Directors of the respondent companies shall operate their bank accounts and bank operations as before initiation of CIRP to protect the interest of the bank consortium, (ii) the Board of Directors will route all future revenues of the said respondent companies only through Trust and Retention Accounts, (iii) The salaries and vendors will be paid promptly through TRA account without delay and (iv) that the petitioner will file undertaking on affidavit that the Company will not dispose-off any immovable property without permission of the Court.

It was further informed that the Company has protected its assets, and that actions are required to be initiated to protect its assets and recoverables due from its customers in United States of America.

The Board of Directors noted that the Company has carried on the business as a going concern.

The Board of Directors noted that as there is a statutory insolvency proceeding pending in its case before the Courts in India, the Company is advised that the provisions of Chapter of United Stated Bankruptcy Code, if invoked, will protect its business, assets and recoverable in United States of America.

The Board of Directors of the Company approved the action to be taken by the Company under Chapter 15 of United States Bankruptcy Code, and filing of petition for the purposes.



1

# SEL MANUFACTURING COMPANY LIMITED

Regd Office: 274, Dhandari Khurd, G.T. Road, Ludhiana - 141 014, Punjab, India
Tel: +91-161-7111117, Fax: +91-161-7111118, Website: www.selindia.in
CIN: L51909PB2000PLC023679



After discussions, the following resolution was passed:

"**RESOLVED THAT** the Board of Directors of the Company hereby approves filing of petition under Chapter 15 of United States Bankruptcy Code before The United States Bankruptcy Court of the District of Delaware situated in the State of Delaware.

"**RESOLVED FURTHER THAT** the Company shall itself act as a Foreign Representative in the matter of its proposed Application to before the United States Bankruptcy Court of the District of Delaware situated in the State of Delaware in United States of America, and that actions will be taken under the hand of Mr. Neeraj Saluja, Managing Director of the Company, which will mean and include:

    i.     filing of Application and documents forming part thereof,

    ii.    filing replies and making statements and offering depositions,

    iii.   making representation/s to any Authorities in the matter and taking necessary action/s in the matter of the Application,

    iv.   delegating and/or authorising any other authorised person/ professionals(s) or lawyers or attorneys to represent and take necessary actions in the best interests of the Company,

and that all actions to be taken by the afore named Mr. Neeraj Saluja shall be actions for and on behalf of Company and be binding on the Company."

The authority vested in terms of this resolution in favour of Mr. Neeraj Saluja will remain valid unless the same is revoked or otherwise modified to be acted on by any other person, either singly of jointly with Mr. Neeraj Saluja.

Certified True Copy
For SEL Manufacturing Company Limited

Company Secretary
Rahul Kapoor

2

**<u>Exhibit B</u>**
**(Statements of Foreign Representative Required by Section 1515(c) and Rule 1007(a)(4))**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SEL MANUFACTURING CO., LTD, | ) | Chapter 15 |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | Case No. 19-_____ (___) |
| | ) | |

**STATEMENTS OF FOREIGN DEBTOR REQUIRED BY**
**SECTION 1515(C) OF THE BANKRUPTCY CODE AND RULE 1007(A)(4)**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

SEL Manufacturing Co., Ltd. ("**SEL Manufacturing**"), in its capacity as the duly authorized foreign representative (the "**Foreign Representative**") with respect to the foreign proceeding, Case CP (IB) No. 114/Chd/Pb/2017 (the "**Indian Proceeding**"), commenced against SEL Manufacturing (the "**Foreign Debtor**") by the State Bank of India on November 22, 2017, under Section 7 of the Indian Insolvency and Bankruptcy Code, 2016 and pending in India before the National Company Law Tribunal, Chandigarh Bench, by and through its undersigned counsel, hereby makes the following statements required by section 1515(c) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

**A.  STATEMENT REQUIRED BY SECTION 1515(c) OF THE BANKRUPTCY CODE**

SEL Manufacturing submits that, to the best of its knowledge, other than the Indian Proceeding, there are no foreign proceedings concerning it.

**B.  ALL AUTHORIZED ADMINISTRATORS OF THE FOREIGN DEBTOR IN THE INDIAN PROCEEDING**

**SEL Manufacturing Co., Ltd.**
274, Dhandari Khurd, G.T. Road
Ludhiana – 141014
Punjab, India

## C.  PARTIES TO LITIGATION PENDING IN THE UNITED STATES

**Revman International, Inc.**
350 Fifth Avenue, 70th Floor
New York, NY 10118

2901 North Blackstock Road
Spartanburg, SC 29301

## D.  ENTITIES AGAINST WHOM PROVISIONAL RELIEF IS SOUGHT

| | |
|---|---|
| **Revman International, Inc.**<br>**Attn:** Officer<br>350 Fifth Avenue, 70th Floor<br>New York, NY 10118<br><br>2901 North Blackstock Road<br>Spartanburg, SC 29301<br><br>c/o Robert L. Reibold<br>Haynsworth Sinkler Boyd, P.A.<br>1201 Main Street, 22nd Floor<br>Columbia, SC 29201<br><br>Donald L. Kreindler<br>Jared R. Clark<br>485 Lexington Avenue, 14th Floor<br>New York, NY 10017 | **Avanti Linens Inc.**<br>**Attn:** President<br>234 Moonachie Road<br>Moonachie, NJ 07074<br><br>**Sam's East, Inc.**<br>**Attn:** Officer<br>c/o The Corporation Trust Company<br>Corporation Trust Center 1209 Orange Street<br>Wilmington, Delaware 19801<br><br>Tybout, Redfearn & Pell<br>David G. Culley<br>750 Shipyard Drive, Suite 400<br>Wilmington, Delaware 19801 |
| **Walmart Inc.**<br>**Attn: Wal-Mart Legal Department, Leon Paz**<br>702 Southwest 8th Street (MS 0215)<br>Bentonville, Arkansas 72716-0215 | **IKEA Purchasing Services (US) Inc.**<br>**c/o Corporation Trust Company,**<br>**Amy McLean**<br>1209 N. Orange Street<br>Wilmington, Delaware |

The information provided is based on the review of SEL Manufacturing's books and records.  SEL Manufacturing reserves the right to modify or supplement any of the information provided here.

*[Signature Page Follows]*

- 2 -

Dated: Wilmington, Delaware
       May 6, 2019

Respectfully submitted,

**DLA PIPER LLP (US)**

By: _/s/ R. Craig Martin_____
    R. Craig Martin, Esq.
    1201 North Market Street, 21st Floor
    Wilmington, DE 19801
    Telephone: 302.468.5700
    Facsimile: 302.778.7834
    Email: craig.martin@us.dlapiper.com

    -and-

    Oksana Koltko Rosaluk, Esq.
    444 West Lake Street, Suite 900
    Chicago, IL 60606
    Telephone: 312.368.4000
    Facsimile: 312.236.7516
    Email:  oksana.koltko@us.dlapiper.com

    *Attorneys for Foreign Representative*
    *SEL Manufacturing Co., Ltd.*

- 3 -

Fill in this information to identify the case and this filing:

Debtor Name: **SEL Manufacturing Co., Ltd.**

United States Bankruptcy Court for the: <u>District of Delaware</u>

Case number (*If known*):_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule* _____

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204) U*

☒    *Other document that requires a declaration* **Statements of Foreign Representative Required by Section 1515(c) of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 05/05/2019

x  *Neeraj Saluja*
Signature of individual signing on behalf of debtor

<u>Neeraj Saluja</u>
Printed name
<u>Managing Director</u>
Position or relationship to debtor

## **Exhibit C**
**(Corporate Ownership Statement Under Bankruptcy Rule 7007.1)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SEL MANUFACTURING CO., LTD, | ) | Chapter 15 |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | Case No. 19-_____ (___) |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

In accordance with Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure, SEL Manufacturing Co., Ltd. ("**SEL Manufacturing**" or the "**Foreign Debtor**"), in its capacity as the duly authorized foreign representative in a foreign proceeding, Case CP (IB) No. 114/Chd/Pb/2017, commenced against SEL Manufacturing by the State Bank of India on November 22, 2017, under Section 7 of the Indian Insolvency and Bankruptcy Code, 2016 and pending in India before the National Company Law Tribunal, Chandigarh Bench, certifies that no corporate entity owns more than 10% of the Foreign Debtor.

*[Declaration Page Follows]*

Fill in this information to identify the case and this filing:

Debtor Name: **SEL Manufacturing Co., Ltd.**

United States Bankruptcy Court for the: District of Delaware

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct.

☐     Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐     Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐     Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐     Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐     Schedule H: Codebtors (Official Form 206H)

☐     Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐     Amended Schedule _____

☐     Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204) U

☒     Other document that requires a declaration **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 05/05/2019

X _____
Signature of individual signing on behalf of debtor

Neeraj Saluja
Printed name

Managing Director
Position or relationship to debtor